## (May 30, 1974)

■ AUGUST HALL ENTERPRISES Co., Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 51473.) — Cross appeals from a judgment, entered November 16, 1972, upon a decision of the Court of Claims. On April 29, 1968 the State appropriated a portion of property owned by the claimant — 1.209 acres — as the same fronted upon Central Park Avenue in the City of Yonkers. Prior to the appropriation, the parcel consisted of 10.684 acres, of which two-thirds was usable and level land fronting on Central Park Avenue with the remainder consisting of a high knoll which the appraisers did not consider would be put to any direct improvement purposes. The property fronting on the road was encumbered by a gully with a brook running through it. The only entrance to the property was a 24-foot driveway. The appraisers agreed upon the highest and best use of the premises for both the before and after evaluations, and the trial court premised its values upon such highest and best use. Both appraisers submitted market data and made various adjustments to the market sales considered appropriate by them. The State in its cross appeal contends that the comparable sales utilized by the claimant consisted of premises which were so much smaller in size than the subject parcel that, as a matter of law,

such comparable sales should not be considered. On the other hand, the State's appraiser submitted sales as to which there were substantial questions raised at the trial in regard to comparability. Upon the present record, it does not appear that the claimant's comparable sales were not entitled to any weight and, accordingly, the before value found by the trial court, which was within the range of the comparables offered by the parties, should be affirmed. The claimant contends that the trial court erred in not finding any compensable consequential damages. At the trial, it was the opinion of the State's appraiser that the premises had not been injured in any way by the appropriation and he opined that, if indeed anyone were to assert indirect or consequential damages, the same would be offset by certain benefits flowing from the State's construction. The claimant's appraiser was also of the opinion that there had been indirect damages resulting from a certain loss of utility in regard to possible uses of the remainder. It appeared to be the theory of the claimant's appraiser that, although the rear hilly land would probably not have been developed, it had been quite valuable in the before situation insofar as it contributed to larger building areas upon the frontage under the formula utilized in the applicable zoning ordinances. In essence, it appears that the claimant's appraiser was contending that the possible yield of improvement area had been so reduced by the appropriation as to lessen the value of the remainder. Nevertheless, upon cross examination, the claimant's appraiser conceded that there were no consequentials flowing from a loss of yield related to the appropriation. The record presented a question of fact for the trial court as to whether or not there were any consequential damages which should be assessed in this case. The trial court's decision is somewhat ambiguous in regard to whether or not it was finding that there were no consequential damages because the court found "that the benefits equated the remainder's size and configuration". Nevertheless, the trial court found that the appropriation did not restrict the remainder's utilization and development under the highest and best use. To resolve any ambiguity, this court finds that the claimant failed to establish any consequential damages to the remainder. Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Reynolds, JJ., concur.